## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

January 15, 2016

Via ECF

The Honorable Katherine B. Forrest,
   United States District Court,
      Southern District of New York,
         500 Pearl Street,
           New York, New York  10007.

         Re:   *In re Zinc Antitrust Litigation*, No. 14 Civ. 3728 (KBF)

Dear Judge Forrest:

      I write on behalf of Goldman Sachs, Metro, JPMorgan and Henry Bath, the Defendants that were dismissed with prejudice from this case, to oppose Plaintiffs' request for an extension of time (ECF No. 157) to the extent that they seek to extend their deadline to move for reconsideration of the Court's Opinion & Order dated January 7, 2016 (ECF No. 155) under Local Rule 6.3.  There is no justification for an extension in aid of their contemplated motion for reconsideration because such a motion would be both procedurally improper and futile.

      Motions for reconsideration are granted only if there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Virgin Atl. Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).  Plaintiffs do not explain how their contemplated motion can possibly satisfy that high standard.  Rather than "point to controlling decisions or data that the court overlooked," *Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), Plaintiffs explain that their extension request is designed to facilitate their efforts to procure additional documents that they predict would be helpful on a reconsideration motion by affording time for their pending motion to intervene and modify the protective order in *In re Aluminum Warehousing Antitrust Litigation* to be decided.  But even if Plaintiffs ultimately succeed in gaining access to and use of the *Aluminum* material (which we will oppose), such material does not constitute "new" evidence that became available only after Defendants' motion to dismiss was decided.  Plaintiffs could have moved to intervene and modify the *Aluminum* protective order long ago, particularly with the benefit of the nine-month period they were given to file their consolidated amended

The Honorable Katherine B. Forrest                                          -2-

complaint as a result of the several extensions granted by the Court (ECF Nos. 78, 84, 101). Because Plaintiffs' contemplated motion for reconsideration would be "a meritless attempt to take a 'second bite at the apple,'" *In re Aluminum Warehousing Antitrust Litig.*, 2014 U.S. Dist. LEXIS 157811, at *34 (S.D.N.Y. Nov. 7, 2014) (quoting *Sequa Corp.* v. *GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)), the Court should deny any request for an extension of time.

Respectfully,

Richard C. Pepperman II

cc:   All Counsel (via ECF)