UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: ZINC WAREHOUSING
ANTITRUST LITIGATION

14 Civ. 3728 (PAE)
and all related actions

ORDER

PAUL A. ENGELMAYER, District Judge:

This order resolves four discovery disputes that have arisen in the above-captioned case with respect to the scope of defendants' production of documents to plaintiffs. The parties notified the Court of these disputes after meeting and conferring but reaching an impasse. *See* Dkt. 275 ("Pl. Ltr."); Dkt. 276 ("Def. Ltr.").

First, plaintiffs seek to extend the end point of the discovery date range from December 31, 2014—which the parties agreed upon in 2016—to February 11, 2016. Plaintiffs argue that this extension is necessary to bring the discovery date range in line with the class period defined in their Third Amended Complaint ("TAC"). Pl. Ltr. at 2. Defendants seek to hold plaintiffs to their previous agreement to a December 31, 2014 document discovery cutoff. Def. Ltr. at 2. On this issue, the Court agrees with plaintiffs that the proper end date for the production of responsive documents is February 11, 2016.

Second, plaintiffs request documents from two custodians whose documents were not previously searched by Defendants—Peter Marc Waszkis and Matthew Lucke. Defendants seek to hold plaintiffs to a prior agreement to seek documents from a smaller set of custodians. Plaintiffs have established the relevance of documents it seeks from these custodians, who are quoted in the TAC, and the additional burden of producing documents from these two custodians

should not be significant relative to the overall discovery in this case. *See* Pl. Ltr. at 3. Accordingly, the Court sides with plaintiffs on this issue as well.

Third, plaintiffs seek to have defendants utilize 10 additional search terms to identify relevant documents for production. Plaintiffs offer little to no explanation of why this discovery is necessary or merited under the circumstances. Defendants, citing a written October 4, 2016 list of "FINAL" agreed-upon search terms for this litigation, protest the addition of search terms, in general, and the addition of certain unduly sweeping search terms, in particular. *See* Def. Ltr. at 3 & Ex. A. On this issue, the Court agrees with defendants that the search terms—which are unexplained and would require revisiting previously completed searches and productions—should not be added.

Fourth, and finally, plaintiffs seek "all documents produced by Defendants herein" in the *In re Aluminum Warehousing Antitrust Litigation* MDL, which is also pending before this Court with some overlapping parties and counsel. Previously, in response to an extensively negotiated agreement regarding search terms, defendant Access World (USA) LLC re-produced more than 37% of its *Aluminum* productions to plaintiffs in this litigation. Def. Ltr. at 3. Discovery in the *Aluminum* MDL is governed by a protective order, No. 13 MD 2481, Dkt. 381, and the Court recently denied a motion for modification of that protective order, *id.*, Dkt. 1220. Plaintiffs here fail to explain why documents from another litigation—which involves a different metal that was primarily warehoused in a different city and which seeks recovery under a different antitrust theory—should be transferred wholesale to this litigation. The Court thus sides with defendants on this issue as well.

Accordingly, the Court orders that defendants produce responsive, non-privileged documents through February 11, 2016. The Court further orders that defendants search the files

of Waszkis and Lucke and produce responsive, non-privileged documents from those custodians. However, the Court denies the additional relief requested by plaintiffs.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: February 3, 2020
       New York, New York