

**Curtis, Mallet-Prevost, Colt & Mosle LLP**

| | | | |
|---|---|---|---|
| Almaty | London | 101 Park Avenue | Telephone +1 212 696 6000 |
| Beijing | Mexico City | New York, New York 10178-0061 | Facsimile +1 212 697 1559 |
| Bogotá | Milan | | www.curtis.com |
| Buenos Aires | Muscat | | |
| Dubai | Nur-Sultan | | **Nathaniel Ament-Stone** |
| Frankfurt | Paris | | Tel: +1 212 696 6065 |
| Geneva | Rome | | E-Mail: nament-stone@curtis.com |
| Houston | Washington, D.C. | | |

October 20, 2020

*VIA ECF*

The Honorable Paul A. Engelmayer
United States District Court, Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, New York, NY 10007

           Re: *In re Zinc Antitrust Litigation*, No. 14-cv-3728-PAE (S.D.N.Y.)

Dear Judge Engelmayer:

      Pursuant to the Court's Individual Rule 2.C and Local Civil Rule 37.2, Defendants Glencore Ltd. ("Glencore") and Access World (USA) LLC (f/k/a Pacorini Metals USA, LLC) ("Access World") submit this letter requesting that the Court compel third-party Natixis North America LLC ("Natixis") to produce documents responsive to the subpoena *duces tecum* served on Natixis on November 15, 2016 (the "Subpoena," Ex. A), and to pay Glencore's costs associated with this letter-motion. Defendants have repeatedly attempted to meet-and-confer with Natixis in recent weeks, but have been ignored; despite Natixis's earlier promises that it would produce documents by late August, the substantial completion deadline has now passed without any production from Natixis.

      **1.**  **Glencore's Attempts to Meet-and-Confer with Natixis**

      On November 15, 2016, Defendants caused Natixis to be served with the Subpoena, which required compliance by December 9, 2016. (Ex. A.) The Subpoena seeks, *inter alia*, contracts and transaction-level data for the purchase and sale of Zinc (as defined in the Subpoena), documents with any producer, supplier, trader, or purchaser of Zinc concerning Zinc prices, and documents concerning the use of warehouse facilities for storage of zinc. (*Id.*)

      On November 30, 2016, Cheryl Plambeck, Natixis's Director, Counsel – Litigation, emailed counsel for Glencore to confirm the December 9 deadline and stated that she would confirm whether Natixis "engaged in the kinds of transactions contemplated in the subpoena[.]" (Ex. B.) Glencore's counsel confirmed Ms. Plambeck's understanding of the deadline. (*Id.*)

      On December 2, 2016, counsel for Glencore emailed Ms. Plambeck to confirm the parties' agreement that Natixis's deadline would be extended to December 23, 2016. (Ex. C.)



**Curtis, Mallet-Prevost, Colt & Mosle LLP**

The Honorable Paul A. Engelmayer
October 20, 2020
Page 2

On January 3, 2017, the Court entered an order staying discovery pending Defendants' motion for judgment on the pleadings. ECF No. 220. Subsequently, on March 15, 2017, the Court staying the entire *Zinc* litigation pending the Second Circuit's resolution of the appeals in *In re Aluminum Warehousing Antitrust Litigation*, No. 13-MD-2481-PAE (S.D.N.Y.) (the "*Aluminum* case"). ECF No. 231. On March 24, 2017, counsel for Glencore wrote to Ms. Plambeck notifying her of the stay; Ms. Plambeck acknowledged this email. (Ex. D).

On August 27, 2019, the Second Circuit issued an order remanding the *Aluminum* cases to the district court. *See Eastman Kodak Co. v. Henry Bath LLC,* 935 F.3d 86 (2d Cir. 2019). As a result, discovery in the *Zinc* litigation resumed in December 2019. Pursuant to an Order dated May 14, 2020, "document productions (including production of data) shall be substantially completed by September 29, 2020." ECF No. 287.

Following this Court's status conference on November 4, 2019, counsel for Glencore emailed Ms. Plambeck on November 21, 2019 to notify her that the *Zinc* stay had been lifted and that "fact discovery will soon resume," and requesting that Natixis propose dates for its document productions or to meet-and-confer. (Ex. E.)

Ms. Plambeck and counsel for Glencore met-and-conferred on December 20, 2019, January 14, 2020, and January 21, 2020. During the January 21, 2020 meet-and-confer, Ms. Plambeck advised that she had identified potentially relevant correspondence, and was looking to determine the relevance of these communications vis-à-vis the Subpoena. (Decl. ¶ 13.)

Ms. Plambeck and counsel for Glencore scheduled another meet-and-confer for February 3, 2020, which did not occur. (Ex. G.) Counsel for Glencore emailed Ms. Plambeck on January 31, 2020; February 3, 2020; February 12, 2020; February 19, 2020; February 25, 2020; and July 21, 2020, seeking to meet-and-confer, reminding Ms. Plambeck of the court-ordered document production deadline, and asking whether he should discuss the subpoena with someone else at Natixis. (Ex. H.) In addition to emailing Ms. Plambeck, counsel for Glencore also called Natixis's general office phone number at least four times, but could not reach a live person. (Decl. ¶ 17.) On August 5, 2020, counsel for Glencore also called Ms. Plambeck's direct office phone number and left a voice message for her; this call was never returned. (Decl. ¶ 18.)

On August 11, 2020, counsel for Glencore sent Natixis a letter via email, Federal Express, and U.S. Certified Mail, again requesting a meet-and-confer, and stating that if Natixis did not produce documents by August 18, 2020, Glencore intended to file a motion to compel. (Ex. I.) Ms. Plambeck replied, offering to produce responsive documents "in the next week or so." (Ex. J.) Glencore counsel and Ms. Plambeck met-and-conferred again on August 21, 2020, but Ms. Plambeck never replied to follow-up emails sent by Glencore counsel on August 27, September 16, and September 25, 2020, reminding her of the September 29 substantial completion deadline. (Ex. K.) The deadline passed without any production by Natixis.

2. **Applicable Legal Standards**

Because the documents sought in the Subpoena are relevant to the *Zinc* litigation and because Natixis has failed to provide written objections as required by Rule 45, Glencore



respectfully requests that this Court issue an order compelling Natixis to produce materials responsive to the Subpoena.

Federal Rule of Civil Procedure 45(a)(1) allows a party to serve a subpoena on a non-party for the production of documents. A non-party's failure to timely object to a subpoena constitutes a waiver of any objection. *See United States v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 544 (S.D.N.Y. 2016); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996). Natixis has been given ample opportunity to respond to the Subpoena. Instead, it ignored Glencore's communications—first for nearly seven months and again since August. Natixis has also failed to serve any written objections. In cases such as this, in which a non-party fails to respond to a subpoena, courts typically grant motions to compel. *See, e.g., In re Kingdom of Morocco v. Kingdom of Morocco*, Misc. Case M8-85, 2009 U.S. Dist. LEXIS 42540 (S.D.N.Y. Apr. 16, 2009).

Further, regardless of whether Natixis waived its objections, an order compelling production is appropriate. The requesting party is entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." *Durling v. Papa John's Int'l, Inc.*, No. 16-cv-3592, 2018 U.S. Dist. LEXIS 11584, at *6 (S.D.N.Y. Jan. 24, 2018) (internal quotation and citation omitted).

The documents sought are plainly relevant to the issues in the case. As the Court is aware, the *Zinc* litigation is an antitrust action brought by purchasers of zinc claiming that the defendants' conduct inflated the price for so-called "Special High Grade" physical zinc by, *inter alia*, causing an increase in the benchmark rate called the Midwest Premium, which plaintiffs claim is reflected in nearly all, if not all, physical zinc purchases. Third Am. Compl., ¶¶ 3, 5, 21, ECF No. 264. Natixis is a zinc purchaser, and the documents and transaction-level data sought by the Subpoena are relevant to determining substitutability of different grades of zinc and the components of the price paid for zinc by market participants, factors relevant to both the substantive causes of action and class certification.

There has also been no assertion that the Subpoena requests are overbroad, unduly burdensome, or not proportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Indeed, the Subpoena is narrowly tailored, seeking only seeking highly relevant documents.

Finally, there has been no assertion that documents responsive to the Subpoena are privileged. *See* Fed. R. Civ. P. 26(b)(1). And to the extent that Natixis has concerns about the confidentiality of information that is produced, a protective order has been in place in the Zinc litigation since August 2016, mitigating any such concerns. (ECF No. 199.)

Because the Subpoena is validly issued, duly served, and seeks relevant materials, Glencore is entitled to production of documents responsive to the requests contained therein. Glencore also seeks to recover from Natixis its costs associated with this letter-motion.

***

Case 2:14-cv-03728-PAE   Document 292   Filed 10/23/20   Page 4 of 4



**Curtis, Mallet-Prevost, Colt & Mosle LLP**

The Honorable Paul A. Engelmayer
October 20, 2020
Page 4

We appreciate the Court's attention to this matter and remain at the Court's disposal.

Respectfully submitted,

/s/ Nathaniel Ament-Stone
Nathaniel Ament-Stone

cc:   Natixis North America LLC via Email and Overnight Federal Express
      Counsel of Record via ECF

The Court gives third-party Natixis North America LLC until Monday, October 26, 2020, at 5:00 p.m., to respond to defendants' motion. The Court will otherwise resolve that motion on the basis of defendants' submission.

Defendants' counsel is directed forthwith today to email this order to counsel for Natixis.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

October 23, 2020

38501378v1