# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| **IN RE ZINC ANTITRUST LITIGATION** |

Case No. 14 Civ. 3728 (PAE)

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into as of this 6th day of July 2021 (the "Execution Date"), by and among plaintiffs Oklahoma Steel and Wire Co., Inc. ("Oklahoma Steel"); Iowa Steel and Wire Co. ("Iowa Steel"); Southwestern Wire, Inc. ("Southwestern"); and Jasper Materials, Inc. ("Jasper") (collectively, "Plaintiffs") on behalf of themselves and the other members of the Settlement Class, and defendants Glencore Ltd. ("Glencore") and Access World (USA) LLC (f/k/a Pacorini Metals USA, LLC) ("Access World") (collectively, the "Defendants"), both individually and on behalf of a Settlement Class (as defined below).

WHEREAS, commencing in May 2014, multiple putative class actions were filed against the Defendants and others alleging conspiratorial conduct in and monopolization and attempted monopolization of the market for Special High Grade Zinc ("SHG Zinc") or the market for selling such zinc in the United States, in violation of the Sherman Act, 15 U.S.C. §1 *et seq.*;

WHEREAS, by Order dated July 24, 2014, the Court ordered that the then-pending class actions and all other actions as may be subsequently filed in, removed to, or transferred to the

1

Court asserting similar claims concerning zinc, be consolidated on a master docket under the caption *In re Zinc Antitrust Litigation*, Case No. 14 Civ. 3728;

WHEREAS, on June 17, 2015, Plaintiffs filed a Consolidated Amended Complaint;

WHEREAS, by Orders dated July 24, 2014, May 21, 2015, and June 1, 2015, the Court appointed the law firms of Kessler Topaz Meltzer & Check, LLP; Lovell Stewart Halebian Jacobson LLP; Nussbaum Law Group, P.C.; and Cera LLP to serve as interim co-lead class counsel;

WHEREAS, on September 28, 2015, Plaintiffs filed a Corrected and Consolidated Amended Complaint;

WHEREAS, by Order dated January 7, 2016, the Court dismissed the conspiracy claims with prejudice;

WHEREAS, on February 11, 2016, Plaintiffs filed a Second Amended Complaint asserting monopolization and attempted monopolization claims against the Defendants, as well as an unlawful merger claim;

WHEREAS, by Order dated June 6, 2016, the Court dismissed the unlawful merger claim but allowed the monopolization and attempted monopolization claims to proceed;

WHEREAS, on December 5, 2019, Plaintiffs filed the Third Amended Complaint;

WHEREAS, Plaintiffs have contended that they are entitled to actual damages, treble damages, and injunctive relief for loss or damage, and threatened loss or damage, as a result of violations of the laws as alleged in the Third Amended Complaint arising from Defendants' alleged conduct;

WHEREAS, Defendants deny Plaintiffs' allegations, deny that they engaged in any wrongdoing of any kind, that they violated or breached any law or regulation, that they have

liability as a result of any and all allegations made by Plaintiff, and have asserted a number of defenses to Plaintiffs' Claims (as defined below);

WHEREAS, the parties engaged in extensive discovery regarding the facts pertaining to Plaintiffs' allegations and Defendants' defenses;

WHEREAS, Settlement Class Counsel (as defined below) have conducted an investigation and analyzed and researched the applicable law with respect to the claims against the Defendants and their potential defenses thereto;

WHEREAS, the Parties engaged in arm's-length negotiations to resolve the Action (as defined below) as to the Defendants, and this Agreement has been reached as a result of those negotiations, subject to approval of the Court;

WHEREAS, based on the discovery conducted by Plaintiffs and their pre-filing investigation into the facts and law regarding the Action, Settlement Class Counsel and Plaintiffs have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to and in the best interests of Plaintiffs and the other members of the Settlement Class.  Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each Plaintiff has agreed to this Settlement pursuant to the terms and provisions of this Agreement, after considering (i) the substantial benefits the Settlement Class will receive from the Settlement, (ii) the significant risks of litigation and trial, and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Agreement;

WHEREAS, the Parties are entering into this Agreement for legitimate and practical reasons but without waiving any right, claim, or defense and without conceding or admitting any fact, allegation, or matter.  The Defendants deny any liability, fault, or wrongdoing of any kind in

connection with the allegations in the Action and are entering into this Agreement to eliminate the uncertainty, burden, and expense of further protracted litigation;

WHEREAS the Parties further agree that the Agreement, the fact of this settlement, any of the terms in the Agreement, any statement made in the negotiation thereof, and any documents filed in support of the settlement shall not constitute, or be offered, received, or construed as, an admission, finding, or evidence of (i) the truth of any of Plaintiffs' Claims or allegations or lack thereof, (ii) wrongdoing or lack thereof, (iii) violation of any statute or law or lack thereof, (iv) liability on the Claims or allegations in the Action or lack thereof on the part of any Released Parties (as defined below), or (v) the propriety of certifying a litigation class in the Action or any other proceeding, and shall not be used by any person or entity for any purpose whatsoever in any legal proceeding, other than a proceeding to enforce the terms of the Agreement; and

WHEREAS, each of the Parties recognizes and acknowledges that the Action has been initiated, filed, and prosecuted by Plaintiffs in good faith and defended by the Defendants in good faith, that the Action is being voluntarily settled with all Parties having received the benefit of the advice of their respective counsel, and that the terms of the Settlement are fair, adequate, and reasonable;

NOW THEREFORE, in consideration of the mutual promises, covenants, agreements and releases set forth herein and for other good and valuable consideration, and incorporating the above recitals herein, it is agreed by and among the undersigned that the Released Claims (as defined below) be settled and compromised as to Defendants and all other Released Parties, and the Action dismissed with prejudice as to Settling Defendants, without costs as to Plaintiffs, the Settlement Class, or Defendants, subject to the approval of the Court (as defined below), on the following terms and conditions.

A. **Definitions**

The following terms, as used in this Agreement, have the following meanings:

1. "Action" means *In re Zinc Antitrust Litigation*, Case No. 14 Civ. 3728 (PAE) (S.D.N.Y.), including all actions consolidated therein, and any other action now existing or subsequently filed that is consolidated, related, or based on the same or similar claims as any of the foregoing actions.

2. "Claims" shall mean any and all actions, suits, claims, rights, demands, assertions, allegations, causes of action, controversies, proceedings, losses, damages, injuries, attorneys' fees, costs, expenses, debts, liabilities, judgments, or remedies, whether equitable or legal.

3. "Claims Administrator" means Angeion Group, subject to approval of the Court.

4. "Class Period" means the period from September 14, 2010 to February 11, 2016.

5. "Court" means the United States District Court for the Southern District of New York.

6. "Defendants" means Glencore Ltd. and Access World (USA) LLC (f/k/a Pacorini Metals USA, LLC).

7. "Defendants' Counsel" shall refer to Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, N.Y. 10178 (for Glencore Ltd.) and Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, N.Y. 10001 (for Access World (USA) LLC); or any firm later retained by a Defendant to represent it in this Action.

8. "Effective Date" means the first date by which all of the following have occurred: (a) all parties have executed this Agreement; (b) the Court has entered a final judgment approving this Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and dismissing the Action as against Defendants with prejudice as to all Settlement Class Members and without costs; and

(c) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as described in clause (b) above has expired or, if appealed, approval of this Agreement and the final judgment has been affirmed in its entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.  Neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.

9.      "Escrow Account" is the account referenced in Paragraph 34 to maintain the Settlement Fund (as defined below) established pursuant to the terms and conditions set forth in an escrow agreement to be entered into with the Escrow Agent (as defined below).

10.     "Escrow Agent" means The Huntington National Bank, the third-party responsible for managing and administering the Escrow Account in accordance with this Agreement, any agreement establishing the Escrow Account itself, and any Order by the Court.

11.     "Fairness Hearing" has the meaning attributed to it in Paragraph 27.

12.     "Parties" means Plaintiffs, on behalf of themselves and the other members of the Settlement Class, and the Defendants.

13.     "Plaintiffs" means Oklahoma Steel and Wire Co., Inc. ("Oklahoma Steel"); Iowa Steel and Wire Co. ("Iowa Steel"); Southwestern Wire, Inc. ("Southwestern"); and Jasper Materials, Inc. ("Jasper").

14.     "Preliminary Approval Date" means the date on which the Court enters a Preliminary Approval Order.

15.     "Preliminary Approval Order" means an order granting preliminary approval of this Agreement, including approval of the forms and method of notice to the Class.

6

16.     "Released Claims" shall refer to the claims described in Paragraph 30 of this Agreement.

17.     "Released Parties" shall refer jointly and severally, individually and collectively, to Defendants, their predecessors, successors, past, present and future parents, subsidiaries, affiliates, divisions, and departments, and each of their respective past, present and future officers, directors, employees, agents, attorneys, servants, and representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.  As used in this definition, "affiliates" means entities controlling, controlled by or under common control with any of the Released Parties.

18.     "Releasing Parties" shall refer jointly and severally, individually and collectively, to the Plaintiffs, the Settlement Class Members, their predecessors, successors, past, present and future parents, subsidiaries, affiliates, divisions, and departments, and each of their respective past, present and future officers, directors, employees, agents, attorneys, servants, and representatives, and the predecessors, successors, heirs, executors, administrators, and assigns or transferees, immediate and remote, of each of the foregoing.  As used in this definition, "affiliates" means entities controlling, controlled by, or under common control with any of the Releasing Parties.

19.     "Settlement Amount" means $9,850,000 (nine million eight hundred fifty-thousand) in United States dollars.

20.     "Settlement Class" or "Class" shall have the meaning set out in Paragraph 25 of this Agreement.

21.     "Settlement Class Counsel" shall refer to the law firms of Kessler Topaz Meltzer & Check, LLP; Lovell Stewart Halebian Jacobson LLP; Nussbaum Law Group, P.C.; and Cera

LLP, which the Court appointed as interim co-lead class counsel by Orders dated July 24, 2014, May 21, 2015, and June 1, 2015.

22.    "Settlement Class Member" means each member of the Settlement Class who does not timely and validly elect to be excluded from the Settlement Class.

23.    "Settlement Class Period" or "Class Period" means the period from September 14, 2010 up to and including February 11, 2016.

24.    "Settlement Fund" shall be the Settlement Amount to be paid by Defendants in settlement of the Action and any income earned on amounts in the fund.

## B.    Stipulation to Certification of a Settlement-Only Class

25.    The parties to this Agreement hereby stipulate for purposes of this settlement only that the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied, and, subject to Court approval, the following Settlement Class shall be certified solely for settlement purposes as to Defendants:

> All persons and entities that purchased LME U.S. Zinc and paid the Platts Zinc MW SHG Premium or similar price premium in the United States from a primary zinc producer or a Defendant from September 14, 2010 to February 11, 2016.  Excluded from the Settlement Class are Defendants and all other defendants named in the Corrected and Consolidated Amended Complaint, filed September 28, 2015 (ECF No. 138),[1] and their officers, directors, management, employees, subsidiaries, or affiliates and all federal governmental entities.

## C.    Approval of this Agreement, Notice, and Dismissal of Claims

26.    Plaintiffs and Defendants and their counsel shall use their reasonable best efforts to effectuate this Agreement, including cooperating in Plaintiffs' effort to obtain the Court's approval of procedures (including the giving of notice of this settlement under Rules 23(c) and 23(e) of the

---

[1]  Goldman Sachs International; GS Power Holdings LLC; MCEPF Metro I, Inc.; Mitsi Holdings LLC; Metro International Trade Services, LLC; JP Morgan Securities plc; JP Morgan Ventures Energy Corporation; and Henry Bath LLC.

Federal Rules of Civil Procedure) and to secure certification of the Settlement Class for settlement purposes only and the prompt, complete, and final dismissal with prejudice of the Action as to Defendants.

27.     Within 20 business days after the Execution Date of this Agreement, Plaintiffs shall submit to the Court a motion for entry of the Preliminary Approval Order, which motion and supporting papers shall be provided to Defendants for comment in draft for a reasonable time before filing.  Plaintiffs will consider in good faith defendants' comments on the motion and supporting papers.  The Preliminary Approval Order shall be substantially in the form attached hereto as Exhibit A.  In that motion, Plaintiffs shall seek:

(a)     preliminary approval of the settlement set forth in this Agreement as fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23;

(b)     certification of the Settlement Class solely for settlement purposes, pursuant to Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3);

(c)     the appointment of Plaintiffs as the Settlement Class representatives, and Settlement Class Counsel as counsel for the Settlement Class under Fed. R. Civ. P. 23(g);

(d)     approval of the class notice ("Notice"), claim form ("Claim Form") and short-form notice ("Publication Notice") (in forms agreed to by the Defendants), and method of dissemination of the Notice, Claim Form and Publication Notice;

(e)     preliminary approval of the Plan of Allocation, to be described in the Notice that will provide for the allocation of the Settlement Fund to Class members who submit timely and valid claims;

(f)     to set a hearing date for the Court to consider the fairness, adequacy and reasonableness of the proposed settlement (the "Fairness Hearing"); and

(g)     a stay of all proceedings in the Action against Defendants until the Court renders a final decision on approval of the settlement set forth in this Agreement, except as may be necessary to implement the settlement set forth in this Agreement or comply with the terms thereof.  Pending final determination of whether the settlement set forth in this Settlement Agreement should be approved, each Plaintiff and each member of the Settlement Class, either directly, representatively, or in any other capacity, shall be enjoined from prosecuting in any forum any Released Claim

against any of the Released Parties, and agrees and covenants not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

28.     Notice to the Settlement Class shall be given as follows, or as otherwise deemed

sufficient by the Court:

(a)     After preliminary approval of this Agreement and the form of Notice and Claim Form, Settlement Class Counsel shall, in accordance with Rule 23 of the Federal Rules of Civil Procedure and the Court's order, cause the Claims Administrator to provide those members of the Settlement Class who have been identified by reasonable means with the Notice (which will advise them, *inter alia,* of the settlement and the date of the Fairness Hearing) and Claim Form by first class mail.

(b)     After preliminary approval of this Agreement and the form of Publication Notice, Settlement Class Counsel shall, in accordance with Rule 23 of the Federal Rules of Civil Procedure and the Court's order, cause the Claims Administrator to publish the summary notice of the settlement (which will include, *inter alia,* the date of the Fairness Hearing) in *Fastmarkets AMM Daily* and *Platts Metals Daily*, unless publication in such proposed publication(s) is impracticable, in which case notice will be published in substitute publications as deemed appropriate by the Claims Administrator.

29.     Plaintiffs shall seek entry of a final judgment and order of dismissal ("Final

Judgment"), substantially in the form attached hereto as Exhibit B.  The motion for final approval

and supporting papers shall be provided to Defendants for comment in draft for a reasonable time

before filing, and Plaintiffs will consider in good faith defendants' comments thereon.  In that

motion, Plaintiffs shall seek an order:

(a)     approving finally this Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and directing its consummation according to its terms;

(b)     confirming certification of the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3) solely for the purposes of the settlement;

(c)     finding that the dissemination of the Notice and Publication Notice constituted due, adequate, and sufficient notice of the settlement set forth in this Agreement

and that the Fairness Hearing meets the requirements of due process and the Federal Rules of Civil Procedure;

(d) approving finally the Plan of Allocation set forth in the Notice;

(e) reserving to the Court exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of this settlement;

(f) dismissing the Action with prejudice as to the Released Parties; and

(g) permanently enjoining the Releasing Parties from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claim against any Released Party.

**D.** **Release and Discharge**

30. Upon the Effective Date and in consideration of payment of the Settlement Amount into the Escrow Account, Releasing Parties shall be deemed to and do completely remise, release, acquit, and forever discharge Released Parties from any and all claims, including Unknown Claims (as defined below), demands, actions, suits, injuries, and causes of action, *parens patriae* actions, cross-claims, counter-claims, charges, judgments, obligations, debts, setoffs, rights of recovery, liabilities, or damages of any nature, whenever or however incurred (whether actual, punitive, treble, compensatory, or otherwise), including claims for costs, fees, expenses, penalties, and attorneys' fees, whether class or individual, regardless of whether those claims currently exist, are known, or have matured, that the Releasing Parties, or any of them, ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively, or in any other capacity against any of the Released Parties, whether state or federal, whether in law or equity or otherwise, that was alleged or could have been alleged in the Action based on, arising out of or relating in any way, in whole or in part, to any conduct, act, or omission alleged in the Action, or could have been alleged in the Action or that forms a factual predicate of the Action, from the beginning of time until the Execution Date, including, without limitation, any such claim under any federal or state antitrust, anti-manipulation, unfair competition, unfair practices, fraud, racketeering, price discrimination, unjust

enrichment, unitary pricing or trade practice law (the "Released Claims").  As used in the preceding

sentence, "Unknown Claims" means any and all Released Claims against the Released Parties

which Releasing Parties do not know or suspect to exist in his, her, or its favor as of the Effective

Date, which if known or suspected by the Releasing Parties might have affected his, her or its

decision(s) with respect to the settlement.  The inclusion of Unknown Claims in the definition of

Released Claims was separately bargained for and was a key element of this Agreement.

31.    The Releasing Parties hereby covenant and agree that they shall not, hereafter, sue

or otherwise seek to establish liability or any claim against any of the Released Parties based, in

whole or in part, upon any of the Released Claims.  These releases, waivers, and covenants shall

be construed as broadly as permitted by law.

32.    The Releasing Parties waive and relinquish the provisions, rights, and benefits of

any state, federal, or foreign law or principle of common law, which may have the effect of

limiting any of the releases herein.  The Releasing Parties waive Section 1542 of the California

Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE
> CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE
> RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE
> MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE
> DEBTOR OR RELEASED PARTY.

The Releasing Parties waive any and all provisions, rights and benefits conferred by statute,

regulation, rule, or principle of law or equity of any other state or applicable jurisdiction, which is

similar, comparable, or equivalent to Cal. Civ. Code § 1542.  The Releasing Parties acknowledge

that they are aware that they may hereafter discover facts in addition to, or different from, those

facts which they know or believe to be true with respect to the subject matter of this Agreement,

but that it is their intention to release and settle fully, finally, and forever any and all claims released in Paragraph 30, and in furtherance of such intention, this release shall be and remain in effect notwithstanding the discovery or existence of any such additional or different facts. The parties acknowledge that the foregoing waiver was separately bargained for and is a key and integral element of the Agreement of which the release is a part.

33.     Upon the Effective Date, the Defendants shall be deemed to have fully released Plaintiffs, and their directors, officers, employees, and their counsel from any claims relating to the institution, prosecution or settlement of the Action, except for claims to enforce any of the terms of this Agreement.

**E.     <u>Payments</u>**

34.     Defendants shall pay or cause to be paid the Settlement Amount in United States dollars by wire transfer into the Escrow Account. The Settlement Amount shall be wire transferred by Defendants or their designee within ten (10) business days after the Preliminary Approval Date and receipt of payment instructions. The Settlement Amount is an "all in" number that includes, without limitation, all monetary benefits and payments to the Settlement Class, and any incentive award, attorneys' fees and expenses, escrow fees, taxes, tax expenses, and all other costs and expenses relating to the settlement (including, but not limited to, administration costs and expenses, notice costs and expenses, and settlement costs and expenses). Under no circumstances will the Defendants be required to pay anything more than the Settlement Amount in connection with this settlement. This is not a claims made settlement and, except in the event the settlement is rescinded or terminated pursuant to Paragraphs 42 and 43 below or the Effective Date fails to occur for any reason, no settlement funds will be returned to Defendants.

35.     From the Settlement Amount, the sum of $100,000 in United States dollars may be used for reasonable costs of disseminating mail and publication notice of this Agreement, including the cost of administration (but not including attorneys' fees) and if paid or incurred shall not be returned to the Settlement Fund if the settlement is not approved by the Court or Court approval of the settlement is overturned on appeal.

36.     Upon the Effective Date, Defendants shall have no further interest in the Settlement Fund.

37.     Settlement Class Counsel may at an appropriate time, determined in their sole discretion, submit a motion seeking approval of the payment of attorneys' fees and expenses to the undersigned Plaintiffs' counsel and an incentive award from the Settlement Fund.  Defendants shall not oppose any motion by Settlement Class Counsel seeking approval of payment of attorneys' fees, past and current expenses or an incentive award from the Settlement Fund. Defendants shall have no obligation to pay any amount of Plaintiffs' counsel's attorneys' fees or the costs or expenses of litigation for the Settlement Class or the incentive award.

**F.**     **Settlement Fund**

38.     Each Settlement Class Member shall look solely to the Settlement Fund for full, final, and complete settlement and satisfaction, as provided herein, of all Released Claims by the Releasing Parties.  Except and until as provided by order of the Court finally approving and giving effect to this Agreement, no Settlement Class Member shall have any interest in the Settlement Fund or any portion thereof.   Neither Defendants nor Defendants' Counsel shall have any responsibility, financial obligation, or liability whatsoever with respect to: (i) any act, omission, or determination of the Escrow Agent, Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) the Plan of

Allocation, including but not limited to the costs and expense of its administration; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (v) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

39.     The Settlement Fund is intended by the parties to this Agreement to be treated as a "qualified settlement fund" for federal income tax purposes pursuant to Treas. Reg. § 1.468B-1, and to that end the parties to this Agreement shall not take a position in any filing or before any tax authority that is inconsistent with such treatment.  A "relation back election," as described in Treas. Reg. § 1.468B-1(j), shall be made so as to enable the Settlement Fund to be treated as a qualified settlement fund from the earliest date possible, and the parties shall take all actions as may be necessary or appropriate to this end.

40.     To the extent practicable, the Settlement Fund shall be (i) invested in United States Government Treasury obligations, (ii) deposited in a United States Treasury Money Market Fund or (iii) deposited in a federally insured account in an amount not exceeding $250,000 or the limits of federal insurance, whichever is greater.  All income earned on the Settlement Fund shall become and remain part of the Settlement Fund.

41.     Subject to Court approval, Plaintiffs and Settlement Class Counsel shall be reimbursed and paid solely out of the Settlement Fund for all expenses and Claims including, but not limited to, attorneys' fees and past or current litigation expenses or an incentive award.  Attorneys' fees and expenses and an incentive award approved by the Court shall be payable from the Settlement Fund upon award, notwithstanding the existence of any timely-filed objections thereto, or potential for appeal therefrom, or collateral attack on the settlement or any part thereof, subject to Settlement Class

Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus interest, if and when the settlement is not approved (or the approval is reversed or overturned on appeal or remand), or as a result of any appeal and/or further proceedings on remand, or successful collateral attack, whereby the fee or cost award is reduced or reversed.  Except as provided in Paragraph 35, Defendants shall not be liable for any costs, fees, or expenses of any of Plaintiffs' respective attorneys, experts, advisors, agents, or representative, but all such costs, fees, and expenses as approved by the Court may be paid out of the Settlement Fund.

### G.    Rescission of the Agreement

42.    If the Court refuses to approve this Agreement or any part hereof, or with respect to court approval if such approval is modified or set aside on or following appeal, remand, or other proceedings, or if the Court does not enter the Final Judgment provided for in Paragraph 29 of this Agreement, or if the Court enters the Final Judgment but on or following appeal, remand, or other proceedings, such Final Judgment is modified or reversed, then Defendants and Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety.  A modification or reversal on or following appeal, remand, or other proceedings, of any amount of Settlement Class Counsel's fees and expenses awarded by the Court or any plan of allocation of the Settlement Fund shall not be deemed a modification of all or a part of the terms of this Agreement or such Final Judgment.

43.    Defendants shall also have the right to terminate the Settlement Agreement upon the occurrence of a condition relating to members of the Settlement Class who have timely exercised their rights to be excluded from the Settlement Class as set forth in separate agreement, dated July 6, 2021 ("Confidential Supplement") executed between Settlement Class Counsel and Defendants' Counsel, and prior to the entry of the Final Judgment.  The Confidential Supplement

shall not be filed with the Court except that the substantive contents of the Confidential Supplement may be brought to the attention of the Court, *in camera*, if so requested by the Court or as otherwise ordered by the Court.  The Parties will keep the terms of the Confidential Supplement confidential, except if compelled by judicial process to disclose the Confidential Supplement.

44.     Defendants and Plaintiffs expressly reserve all of their rights if this Agreement is rescinded or terminated.  In the event that this Agreement is rescinded or terminated, or the Effective Date fails to occur for any reason, then the parties to this Agreement shall be deemed to have reverted to their respective statuses in the Action as of 90 days prior to the Execution Date, and, except as otherwise expressly provided herein, the parties shall proceed in all respects as if the Agreement and any related orders had not been entered.  In addition, if for any reason (including a party's exercise of a valid right to rescind or terminate this Agreement), this Agreement does not receive final Court approval or that approval is reversed on appeal or remand, then the certification of the Settlement Class shall become null and void without further Court action, and shall not be used or referred to for any further purpose in the Action or in any other action or proceeding, and shall not prejudice any party in arguing for or against contested class certification in this Action or in any other proceeding.  Further, Plaintiffs and Defendants agree that this Agreement, whether or not it is finally approved and whether or not Defendants or Plaintiffs elect to rescind or terminate it under Paragraphs 42 and 43 of this Agreement, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by Defendant, or of the truth of any of the Claims or allegations in the Action, or waiver or invalidity of any defense, and evidence thereof shall

neither be discoverable, admissible, nor used directly or indirectly except in a proceeding to enforce or interpret the Agreement.

**H.      Taxes**

45.      Plaintiffs shall be solely responsible for filing all income, informational and other tax returns necessary to report any net taxable income earned by the Settlement Fund and shall file all informational and other tax returns necessary to report any income earned by the Settlement Fund and shall be solely responsible for taking out of the Settlement Fund, as and when legally required, any tax payments, including interest and penalties due on income earned by the Settlement Fund. All taxes (including any interest and penalties) due with respect to the income earned by the Settlement Fund, and all expenses incurred in connection with filing tax returns, shall be paid from the Settlement Fund. Defendants shall have no responsibility to make any filings relating to the Settlement Fund and will have no responsibility to pay tax on any income earned by the Settlement Fund or to pay any taxes on the Settlement Fund unless the settlement is not consummated and until the Settlement Fund is returned to Defendants. In the event the Settlement Fund (excluding up to $100,000 in expenses that have been paid or incurred associated with providing notice to the Settlement Class or administering the Settlement Fund) is returned to Defendants because the settlement is not consummated, Defendants shall be responsible for the payment of all taxes on income earned by the Settlement Fund (including any interest or penalties, except to the extent that interest and penalties result from the failure of Plaintiffs to file any necessary tax returns or make tax payments, in which case Plaintiffs shall be responsible for the payment of interest and/or penalties), except to the extent such taxes have been previously paid from the Settlement Fund. Defendants make no representation to Plaintiffs regarding the appropriate tax treatment of the Settlement Fund, income earned on the Settlement Fund, or any distribution taken from the

Settlement Fund.

## I.  <u>Miscellaneous</u>

46.     The parties will stipulate to a stay of the proceedings in the Action, except with regard to proceedings in connection with approval of the settlement set forth in this Agreement.

47.     This Agreement does not settle or compromise any claim by Plaintiff or any Settlement Class Member against any other person or entity other than the Released Parties.

48.     Defendants and their present and future directors, officers, and employees, and Plaintiffs shall endeavor to make reasonable, good faith efforts to resolve any controversy, claim or dispute arising out of, relating to, or in connection with, the matters under this Agreement by meeting-and-conferring.  If the Parties are unable to reach resolution regarding such controversy, claim, or dispute, the Parties may seek resolution by the Court for any remaining controversy, claim or dispute arising out of, relating to, or in connection with, the matters under this Agreement. Nothing herein is intended to preclude the Parties from agreeing to use alternative dispute resolution mechanisms, such as a mediation using the services of a mutually agreed-upon mediator.

49.     This Agreement contains an entire, complete, and integrated statement of each and every term and provision agreed to by and between the parties hereto with respect to the subject matter of this Agreement.

50.     This Agreement may be modified or amended only by a writing executed by Plaintiffs and Defendants and, after the Preliminary Approval Date, with approval by the Court.

51.     Neither this Agreement nor any negotiations or proceedings connected with it shall be deemed or construed to be an admission by any party to this Agreement or any Released Party or evidence of any fact or matter in this Action or in any related actions or proceedings, and

evidence thereof shall not be discoverable, admissible, or used, directly or indirectly, in any way, except in a proceeding to interpret or enforce this Agreement.

52.     Neither Defendants nor Plaintiffs shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

53.     This Agreement shall be construed and interpreted to effectuate the intent of the parties which is to provide, through this Agreement, for a complete resolution of the Released Claims with respect to the Released Parties.

54.     Nothing expressed or implied in this Agreement is intended to or shall be construed to confer upon or give any person or entity other than Settlement Class Members, Releasing Parties, and Released Parties any right or remedy under or by reason of this Agreement.

55.     This Agreement shall be binding upon, and inure to the benefit of, the Releasing Parties and the Released Parties.

56.     If any provision of this Agreement is found by a court of competent jurisdiction to be illegal, invalid or unenforceable for any reason, the remainder of this Agreement will not be affected, and, in lieu of each provision that is found illegal, invalid or unenforceable, a provision will be added as a part of this Agreement that is as similar to the illegal, invalid or unenforceable provision as may be legal, valid and enforceable.

57.     All terms of this Agreement shall be governed and interpreted according to the substantive laws of the State of New York without regard to its choice of law or conflict of laws principles.

58.     This Agreement may be executed in counterparts by counsel for Plaintiffs and Defendants, and a facsimile signature shall be deemed an original signature for purposes of executing this Agreement.

59.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of and to execute this Agreement, subject to Court approval.

**J.     Notices**

60.     Any notice or other communication required or permitted to be delivered to any party under this Agreement shall be in writing and shall be deemed properly delivered, given and received when delivered by two means of delivery (either by hand, by registered mail, by courier or express delivery service, or by electronic mail) to each of the individuals set forth beneath the name of such party at their referenced addresses, or electronic mail addresses (or to such other address, or electronic mail address, as such party shall have specified in a written notice given to the other parties):

Joseph H. Meltzer
KESSLER TOPAZ MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA  19087
Tel:  (610) 667-7706
Fax:  (610) 667-7056
Email: jmeltzer@ktmc.com

Christopher Lovell
LOVELL STEWART HALEBIAN JACOBSON LLP
500 5th Avenue, Suite 2440
New York, NY 10110
Tel:  (212) 608-1900
Fax:  (212) 719-4677
Email:  clovell@lshllp.com

Linda P. Nussbaum
NUSSBAUM LAW GROUP, P.C.
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
Tel.:  (917) 438-9189
Email:  lnussbaum@nussbaumpc.com

Solomon B. Cera
CERA LLP
595 Market Street, Suite 1350
San Francisco, CA 94105
Telephone:  (415) 777-2230
Email:  scera@cerallp.com

Eliot Lauer
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
elauer@curtis.com

Boris Bershteyn
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000
boris.bershteyn@skadden.com

**IN WITNESS WHEREOF,** the Parties hereto have caused this Agreement to be executed by their duly authorized attorneys as of July 6, 2021.

**Interim Co-Lead Counsel on behalf of Plaintiffs and the Settlement Class:**

Joseph H. Meltzer
Geoffrey Jarvis
Melissa L. Troutner
Lauren M. McGinley
KESSLER TOPAZ MELTZER

Christopher Lovell
Benjamin M. Jaccarino
LOVELL STEWART HALEBIAN
JACOBSON LLP
500 5th Avenue, Suite 2440

& CHECK, LLP
280 King of Prussia Road
Radnor, PA  19087
Tel:  (610) 667-7706
Fax:  (610) 667-7056
Email: jmeltzer@ktmc.com
Email: gjarvis@ktmc.com
Email: mtroutner@ktmc.com
Email: lmcginley@ktmc.com

_____
Linda P. Nussbaum
Bart Cohen
NUSSBAUM LAW GROUP, P.C.
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
Tel.:  (917) 438-9189
Email:  lnussbaum@nussbaumpc.com
Email:  bcohen@nussbaumpc.com

New York, NY 10110
Tel:  (212) 608-1900
Fax:  (212) 719-4677
Email:  clovell@lshllp.com
Email:  bjaccarino@lshllp.com

_____
Solomon B. Cera
Pamela A. Markert
CERA LLP
595 Market Street, Suite 1350
San Francisco, CA 94105
Telephone:  (415) 777-2230
Email:  scera@cerallp.com
Email:  pmarkert@cerallp.com

**On behalf of the Settling Defendants:**

_____
Eliot Lauer
Jacques Semmelman
Nathaniel Ament-Stone
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
elauer@curtis.com
jsemmelman@curtis.com
nament-stone@curtis.com

***Attorneys for Glencore Ltd.***

_____
Boris Bershteyn
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000
boris.bershteyn@skadden.com

& CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
Email: jmeltzer@ktmc.com
Email: gjarvis@ktmc.com
Email: mtroutner@ktmc.com
Email: lmcginley@ktmc.com

New York, NY 10110
Tel: (212) 608-1900
Fax: (212) 719-4677
Email: clovell@lshllp.com
Email: bjaccarino@lshllp.com

---

Linda P. Nussbaum
Bart Cohen
NUSSBAUM LAW GROUP, P.C.
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
Tel.: (917) 438-9189
Email: lnussbaum@nussbaumpc.com
Email: bcohen@nussbaumpc.com

---

Solomon B. Cera
Pamela A. Markert
CERA LLP
595 Market Street, Suite 1350
San Francisco, CA 94105
Telephone: (415) 777-2230
Email: scera@cerallp.com
Email: pmarkert@cerallp.com

**On behalf of the Settling Defendants:**

Eliot Lauer
Jacques Semmelman
Nathaniel Ament-Stone
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
elauer@curtis.com
jsemmelman@curtis.com
nament-stone@curtis.com

*Attorneys for Glencore Ltd.*

---

Boris Bershteyn
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
boris.bershteyn@skadden.com

& CHECK, LLP
280 King of Prussia Road
Radnor, PA  19087
Tel:  (610) 667-7706
Fax:  (610) 667-7056
Email: jmeltzer@ktmc.com
Email: gjarvis@ktmc.com
Email: mtroutner@ktmc.com
Email: lmcginley@ktmc.com

New York, NY 10110
Tel:  (212) 608-1900
Fax:  (212) 719-4677
Email:  clovell@lshllp.com
Email:  bjaccarino@lshllp.com

_____

Linda P. Nussbaum
Bart Cohen
NUSSBAUM LAW GROUP, P.C.
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
Tel.: (917) 438-9189
Email:  lnussbaum@nussbaumpc.com
Email:  bcohen@nussbaumpc.com

_____

Solomon B. Cera
Pamela A. Markert
CERA LLP
595 Market Street, Suite 1350
San Francisco, CA 94105
Telephone:  (415) 777-2230
Email:  scera@cerallp.com
Email:  pmarkert@cerallp.com

**On behalf of the Settling Defendants:**

_____

Eliot Lauer
Jacques Semmelman
Nathaniel Ament-Stone
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
elauer@curtis.com
jsemmelman@curtis.com
nament-stone@curtis.com

***Attorneys for Glencore Ltd.***

_____

Boris Bershteyn
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000
boris.bershteyn@skadden.com

Julia K. York
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone:  (202) 371-7000
Facsimile:  (202) 393-5760
julia.york@skadden.com

*Attorneys for Access World (USA) LLC (f/k/a Pacorini Metals USA, LLC)*

EXHIBIT A TO SETTLEMENT AGREEMENT

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| **IN RE ZINC ANTITRUST LITIGATION** |

Case No. 14 Civ. 3728 (PAE)

## [PROPOSED] PRELIMINARY APPROVAL ORDER

WHEREAS, the Action[1] is pending before this Court;

WHEREAS, Plaintiffs[2] have entered into and executed a Settlement Agreement dated July 6, 2021 (the "Settlement Agreement") with defendants Glencore Ltd. ("Glencore") and Access World (USA) LLC (f/k/a Pacorini Metals USA, LLC) ("Access World") (the "Defendants," and together with Plaintiffs, the "Parties"), subject to approval of this Court which, if finally approved by the Court, will result in the settlement of all claims in the Action against Defendants (the "Settlement");

WHEREAS, the Settlement Agreement has been attached as Exhibit [[●]] to the Declaration of [[**Plaintiffs' Counsel**]] in Support of Plaintiffs' Motion for Preliminary Approval of Settlement Agreement (ECF No. [[●]]);

---

[1]   As defined in the Settlement Agreement, the "Action" means *In re Zinc Antitrust Litigation*, 14 Civ. 3728, which is currently pending in the United States District Court for the Southern District of New York, and includes all actions filed in or transferred to the United States District Court for the Southern District of New York and consolidated thereunder and all actions that may be so transferred and consolidated in the future.

[2]   As defined in the Settlement Agreement, "Plaintiffs" are Oklahoma Steel and Wire Co., Inc. ("Oklahoma Steel"); Iowa Steel and Wire Co. ("Iowa Steel"); Southwestern Wire, Inc. ("Southwestern"); and Jasper Materials, Inc. ("Jasper").

EXHIBIT A TO SETTLEMENT AGREEMENT

WHEREAS in full and final settlement of the claims asserted against them in the Action, the Defendants have agreed to pay $9,850,000 in United States dollars (the "Settlement Fund");

WHEREAS, Plaintiffs, having made application pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order preliminarily approving the Settlement, which sets forth the terms and conditions of the settlement of the Action against Defendants and for dismissal of the Action against Defendants with prejudice, and for approval of notice of the Settlement to the Settlement Class as more fully described herein;

WHEREAS, Settlement Class Counsel[3] have requested that they be appointed as settlement class counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure;

WHEREAS, Plaintiffs have requested that they be appointed class representatives of the Settlement Class;

WHEREAS, the Parties have agreed to the entry of this Preliminary Approval Order (the "Order");

WHEREAS, the Court has considered the Settlement Agreement and other documents submitted in connection with Plaintiffs' Motion for Preliminary Approval of Settlement Agreement, certification of the Settlement Class, and appointment of Settlement Class Counsel and class representatives for the Settlement Class;

---

[3]   As defined in the Settlement Agreement, "Settlement Class Counsel" refers to the law firms of Kessler Topaz Meltzer & Check, LLP; Lovell Stewart Halebian Jacobson LLP; Nussbaum Law Group, P.C.; and Cera LLP, which the Court appointed as interim co-lead class counsel by Orders dated July 24, 2014, May 21, 2015, and June 1, 2015.

EXHIBIT A TO SETTLEMENT AGREEMENT

WHEREAS, Plaintiffs have sought, and Defendants have agreed not to object to, the certification of the Settlement Class (as defined below) solely for settlement purposes;

WHEREAS, solely for settlement purposes, the Settlement Class meets the numerosity, typicality, commonality, and adequacy requirements of Rule 23(a) of the Federal Rules of Civil Procedure and the predominance requirement of Rule 23(b)(3) of the Federal Rules of Civil Procedure, and therefore, solely for settlement purposes, the Settlement Class should be preliminarily certified;

WHEREAS, unless otherwise defined herein, all capitalized terms contained in this Order shall have the same meanings as set forth in the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

## I.    PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1.    Upon review of the record, the Court finds that the Settlement Agreement resulted from arm's-length negotiations between highly experienced counsel and falls within the range of possible approval.  Therefore, the Settlement Agreement is hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing described below.  The Court preliminarily finds that the settlement encompassed by the Settlement Agreement raises no obvious reasons to doubt its fairness and raises a reasonable basis for presuming that the Settlement Agreement satisfies the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and due process so that an appropriate notice of the Settlement Agreement should be given as provided in this Order.

EXHIBIT A TO SETTLEMENT AGREEMENT

## II.    CERTIFICATION OF THE SETTLEMENT CLASS

2.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of effectuating the settlement set forth in the Settlement Agreement, the following "Settlement Class":

> All persons and entities that purchased LME U.S. Zinc and paid the Platts Zinc MW SHG Premium or similar price premium in the United States from a primary zinc producer or a Defendant from September 14, 2010 to February 11, 2016. Specifically excluded from the Settlement Class are Defendants and all other defendants named in the Corrected and Consolidated Amended Complaint, filed September 28, 2015 (ECF No. 138),[4] and their officers, directors, management, employees, subsidiaries, or affiliates and all federal governmental entities.

3.    Solely for purposes of the settlement set forth in the Settlement Agreement, the Court preliminarily finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, as follows: (a) the Settlement Class Members are so numerous that joinder of all Class members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class and these common questions predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Settlement Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Class; (iii) the desirability

---

[4]    Goldman Sachs International; GS Power Holdings LLC; MCEPF Metro I, Inc.; Mitsi Holdings LLC; Metro International Trade Services, LLC; JP Morgan Securities plc; JP Morgan Ventures Energy Corporation; and Henry Bath LLC.

EXHIBIT A TO SETTLEMENT AGREEMENT

or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action as a class action.

4.      If the Effective Date does not occur with respect to the Settlement Agreement because of the failure of a condition that affects the Settlement Agreement, this conditional certification of the Settlement Class shall be deemed null and void as to the Parties subject to the Settlement Agreement without the need for further action by the Court or any of the Parties.  In such circumstances, each of the Parties shall retain their rights to seek or to object to certification of this litigation as a class action under Rule 23 of the Federal Rules of Civil Procedure, or under any other state or federal rule, statute, law, or provision thereof, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

## III.     CLASS COUNSEL AND CLASS REPRESENTATIVES

5.      Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and solely for settlement purposes, the following counsel are designated as Settlement Class Counsel for the Settlement Class:

| | |
|---|---|
| Joseph H. Meltzer | Christopher Lovell |
| Kessler Topaz Meltzer & Check, LLP | Lovell Stewart Halebian Jacobson LLP |
| 280 King of Prussia Road | 500 5th Avenue, Suite 2440 |
| Radnor, PA 19087 | New York, NY 10110 |
| www.ktmc.com | www.lshllp.com |
| | |
| Linda P. Nussbaum | Solomon B. Cera |
| Nussbaum Law Group, P.C. | Cera LLP |
| 1211 Avenue of the Americas, 40th Floor | 595 Market Street, Suite 1350 |
| New York, NY 10036 | San Francisco, CA 94105 |
| www.nussbaumpc.com | www.cerallp.com |

6.      Plaintiffs will serve as class representatives on behalf of the Settlement Class for settlement purposes only.

EXHIBIT A TO SETTLEMENT AGREEMENT

## IV.   PLAN OF ALLOCATION, CLASS NOTICE, EXCLUSION FROM SETTLEMENT CLASS AND FAIRNESS HEARING

7.     The Court will hold a settlement hearing (the "Fairness Hearing") on _____,

2021 at _____ at the Thurgood Marshall United States Courthouse, Courtroom 1305, 40

Foley Square, New York, NY 10007, for the following purposes: (i) to determine whether the

proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair,

reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (ii)

to determine whether the [Proposed] Final Judgment substantially in the form attached as Exhibit

B to the Settlement Agreement should be entered dismissing the Action with prejudice against

Defendants; (iii) to determine whether the proposed Plan of Allocation for the proceeds of the

Settlement is fair and reasonable and should be approved; (iv) to determine whether the application

for an award of attorneys' fees, reimbursement of litigation expenses, and any service awards for

Plaintiffs should be approved; and (v) to consider any other matters that may properly be brought

before the Court in connection with the Settlement.  Notice of the Settlement and the Fairness

Hearing shall be given to Settlement Class Members as set forth in ¶ 9 of this Order.  In the event

that an in-person hearing cannot be held due to restrictions on indoor gatherings as a result of the

COVID-19 Pandemic, the Court may opt to hold the Fairness Hearing by videoconference without

further notice to the Class.  The Court may additionally adjourn the Settlement Hearing without

further notice to the Settlement Class, and may approve the proposed Settlement with such

modifications as are agreed to, if appropriate, without further notice to the Settlement Class.

8.     Settlement Class Counsel are hereby authorized to retain Angeion Group (the

"Claims Administrator") to disseminate notice to the Settlement Class, process Claims, and

administer the Settlement, as more fully set forth below.

EXHIBIT A TO SETTLEMENT AGREEMENT

9.     Notice of the Settlement and the Fairness Hearing shall be given as

follows:

(a) Commencing not later than [[**number to come**]] business days after the date of

entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice

and the Claim Form (together, the "Notice Packet") to be mailed to the Settlement Class Members

who can be identified through reasonable effort;

(b) Contemporaneously with the mailing of the Notice Packet, the Claims

Administrator shall cause copies of the Notice and the Claim Form to be posted on the website

developed for this Action, [[**website to come**]], from which copies of the Notice and Claim Form

can be downloaded;

(c) As soon as practicable after the mailing of the Notice Packet, the Claims

Administrator shall cause the Publication Notice to be published, at minimum, once each in

*Fastmarkets AMM Daily* and *Platt's Metals Daily*; and

(d) Prior to the Fairness Hearing, Settlement Class Counsel shall file with the Court

proof, by affidavit or declaration, of such mailing and publication.

10.     The Court: (i) approves, as to form and content, the Notice, the Claim Form, and

the Publication Notice; and (ii) finds that the mailing and distribution of the Notice, posting of the

Notice and Claim Form on the Settlement Website, and the publication of the Publication Notice

in the manner and form set forth in ¶ 9 of this Order (a) is the best notice practicable under the

circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to

apprise Settlement Class Members of the proposed Settlement (including the Releases to be

provided thereunder); of the application for an award of attorneys' fees, reimbursement of

EXHIBIT A TO SETTLEMENT AGREEMENT

litigation expenses, and any service awards for Plaintiffs; of their right to object to the Settlement, Plan of Allocation, and/or application for an award of attorneys' fees, reimbursement of litigation expenses, and any service awards for Plaintiffs; and of their right to appear at the Fairness Hearing; (c) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (d) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.  The date and time of the Fairness Hearing shall be included in the Notice before it is mailed and Publication Notice before it is published.

11.     No later than seven (7) days before the Fairness Hearing, Defendants shall cause to be filed with the Court proof, by affidavit or declaration, regarding compliance with §1715(b) of the Class Action Fairness Act, 28 U.S.C. §1715(b).

12.     Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be submitted within [[●]] days after the Notice Date.  Notwithstanding the foregoing, Settlement Class Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the proceeds of the Settlement Fund is not materially delayed.  By submitting a Claim Form, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

13.     Each Claim Form submitted must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (ii) it must include any supporting documentation, as is deemed

EXHIBIT A TO SETTLEMENT AGREEMENT

adequate by Settlement Class Counsel or the Claims Administrator, for the transactions reported

therein; (iii) if the person executing the Claim Form is acting in a representative capacity, a

certification of his, her, or its current authority to act on behalf of the Settlement Class Member

must be included in the Claim Form to the satisfaction of Settlement Class Counsel or the Claims

Administrator; and (iv) the Claim Form must be complete and contain no material deletions or

modifications of any of the printed matter contained therein and must be signed under penalty of

perjury.  Notwithstanding the foregoing, Settlement Class Counsel shall have the right, but not the

obligation, to waive what they deem to be formal or technical defects in any Claims submitted in

the interest of achieving substantial justice.

14.     Any Settlement Class Member who or which does not timely and validly submit a

Claim Form or whose Claim is not otherwise approved by the Court: (i) shall be deemed to have

waived his, her, or its right to share in the Settlement Fund; (ii) shall be forever barred from

participating in any distributions therefrom; (iii) shall be bound by the provisions of the Settlement

Agreement and the Settlement and all proceedings, determinations, orders, and judgments in the

Action relating thereto, including, without limitation, the Final Judgment, if applicable, and the

Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (iv)

will be barred from commencing, maintaining, or prosecuting any of the Settled Claims against

each and all of the Released Parties, as more fully described in the Settlement Agreement and

Notice.

15.     Any member of the Settlement Class who or which wishes to exclude himself,

herself, or itself from the Settlement Class must request exclusion in writing and in the manner set

forth in the Notice, which shall provide that: (i) any such request for exclusion from the Settlement

Class must be mailed or delivered, such that it is received by the Claims Administrator at

EXHIBIT A TO SETTLEMENT AGREEMENT

[[**address**]] within [[**number to come**]] days after the Notice Date; and (ii) each such request must: (a) state the name, address, and telephone number of the person or entity seeking exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity requests to be excluded from the Settlement Class in the Action (*In re Zinc Antitrust Litigation,* Case No. 14 Civ. 3728 (PAE) (S.D.N.Y.)); (c) provide documents sufficient to prove membership in the Settlement Class; and (d) be signed by such person or entity requesting the exclusion or an authorized representative, as well as proof of authorization to submit the request for exclusion if submitted by an authorized representative.  The request for exclusion shall be invalid and have no legal or binding force or effect unless it provides the required information and is made within the time stated above, or the request for exclusion is otherwise accepted by the Court.

16.    Any person or entity who or which requests to be and is excluded from the Settlement Class shall not be entitled to receive any payment out of the Settlement Fund as described in the Settlement Agreement and Notice.

17.    Any Settlement Class Member who or which has not requested exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court a notice of appearance, and serving copies of such notice of appearance on Settlement Class Counsel and Defendants' Counsel at the addresses set forth in ¶ 18  of this Order, such that they are received within [[**number to come**]] days after the Notice Date, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Settlement Class Counsel.

EXHIBIT A TO SETTLEMENT AGREEMENT

18.     Any Settlement Class Member may file a written objection to the proposed Settlement, proposed Plan of Allocation, and/or application for an award of attorneys' fees, reimbursement of litigation expenses, and any service awards for Plaintiffs and appear and show cause, if he, she, or it has any cause, why any of the foregoing should not be approved; ***provided, however,*** that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of any aspect of the proposed Settlement, proposed Plan of Allocation, and/or application for an award of attorneys' fees, reimbursement of litigation expenses, and any service awards for Plaintiffs, unless that person or entity has filed a written objection with the Court and served copies of such objection on Settlement Class Counsel and Defendants' Counsel at the addresses set forth below such that they are received within [[**number to come**]] days after the Notice Date, or as the Court may otherwise direct.

| | |
|---|---|
| Joseph H. Meltzer | Christopher Lovell |
| KESSLER TOPAZ MELTZER & CHECK, LLP | LOVELL STEWART HALEBIAN JACOBSON LLP |
| 280 King of Prussia Road | 500 5th Avenue, Suite 2440 |
| Radnor, PA 19087 | New York, NY 10110 |
| www.ktmc.com | www.lshllp.com |
| ***Settlement Class Counsel*** | ***Settlement Class Counsel*** |
| Linda P. Nussbaum | Solomon B. Cera |
| NUSSBAUM LAW GROUP, P.C. | CERA LLP |
| 1211 Avenue of the Americas, 40th Floor | 595 Market Street, Suite 1350 |
| New York, NY 10036 | San Francisco, CA 94105 |
| www.nussbaumpc.com | www.cerallp.com |
| ***Settlement Class Counsel*** | ***Settlement Class Counsel*** |
| Eliot Lauer | Boris Bershteyn |
| CURTIS, MALLET-PREVOST, COLT & MOSLE LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| 101 Park Avenue | One Manhattan West |
| New York, NY 10178 | New York, NY 10001 |
| Telephone: (212) 696-6000 | Telephone:  (212) 735-3000 |

11

EXHIBIT A TO SETTLEMENT AGREEMENT

Facsimile: (212) 697-1559                      Facsimile:  (212) 735-2000
elauer@curtis.com                          boris.bershteyn@skadden.com

**Counsel for Glencore Ltd.**            **Counsel for Access World (USA) LLC**

19.     Any objections, filings, or other submissions by the objecting Settlement Class Member must: (i) state the name, address, and telephone number of the person or entity objecting and must be signed by the Settlement Class Member (an attorney's signature is not sufficient); (ii) state the name of the Action (*In re Zinc Antitrust Litigation,* Case No. 14 Civ. 3728 (PAE) (S.D.N.Y.)) and the settlement to which the objection applies; (iii) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (iv) state whether the objection applies only to the Settlement Class Member, a specific subset of the Settlement Class, or the entire Settlement Class; and (v) include documents sufficient to prove the Settlement Class Member's membership in the Settlement Class.  Objectors who enter an appearance and desire to present evidence at the Fairness Hearing in support of their objection must also include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20.     Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, proposed Plan of Allocation, and/or application for an award of attorneys' fees, reimbursement of litigation expenses, and any service awards for Plaintiffs, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy

EXHIBIT A TO SETTLEMENT AGREEMENT

of any of the foregoing and from otherwise being heard concerning any of the foregoing in this or any other proceeding.

## V.     OTHER PROVISIONS

21.     The Court approves Settlement Class Counsel's designation of Angeion Group as Claims Administrator.  Absent further order of the Court, the Claims Administrator shall have such duties and responsibilities as are set forth in the Settlement Agreement.

22.     The Court approves the Settlement Class Counsel's designation of The Huntington National Bank as Escrow Agent.  Absent further order of the Court, the Escrow Agent shall have such duties and responsibilities in such capacity as are set forth in the Settlement Agreement.

23.     The Court approves the establishment of an escrow account under the Settlement Agreement as a Qualified Settlement Fund ("QSF") pursuant to Internal Revenue Code §468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formulation or administration of the QSF.  Settlement Class Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Settlement Agreement.

24.     The Claims Administrator is authorized to expend up to $100,000 from the Settlement Amount to provide notice to the Settlement Class and such amount actually expended shall not be reimbursed to Defendants whether or not the Settlement Agreement is finally approved.

EXHIBIT A TO SETTLEMENT AGREEMENT

25.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

26.     If the Settlement Agreement is terminated, the Settlement Agreement (including any amendment(s) thereto) and this Order shall be null and void, of no further force or effect, and without prejudice to any such Party, and may not be introduced as evidence or referred to in any actions or proceedings by any Person, and each such Party shall be restored to his, her, or its respective position as it existed prior to the execution of the Settlement Agreement.

27.     Except as otherwise provided herein, in the event that the Settlement Agreement is terminated, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Parties to the Settlement Agreement shall be deemed to have reverted to their respective status in the Action as of ninety (90) days prior to the Execution Date, and, except as otherwise expressly provided herein, such Parties shall proceed in all respects as if such Settlement Agreement and any related orders had not been entered, and any portion of the Settlement Fund previously paid by or on behalf of the respective Defendant, together with any interest earned thereon (and, if applicable, re-payment of any fee, expense, or incentive award referred to in ¶ 37 of the Settlement Agreement), less Taxes due, if any, with respect to such income, and less monies actually expended to provide the notice to the Settlement Class referred to herein (but which shall not in any event exceed $100,000), shall be returned to such Defendant within ten (10) business days from the date of the event causing such termination.  At the request of such Defendant's Counsel, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to such Defendant.

28.     Neither any of the Defendants, nor any of their counsel, nor any of the Released Parties (as defined in the Settlement Agreement) shall have any responsibility for, or liability

EXHIBIT A TO SETTLEMENT AGREEMENT

whatsoever with respect to the notice procedures; the investment, administration, or distribution of the Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; or any funds held by the Escrow Agent; the payment or withholding of Taxes; any losses incurred in connection therewith; any application for attorneys' fees, service awards or expenses submitted by Plaintiffs or Settlement Class Counsel; or any allocation of attorneys' fees, service awards, or expenses by Settlement Class Counsel.  Any such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement set forth in the Settlement Agreement.

29.    At or after the Fairness Hearing, the Court shall determine separately whether the Settlement Agreement, the proposed Plan of Allocation, any application for service awards, and any application for attorneys' fees and/or expenses by Settlement Class Counsel should be finally approved.

30.    Each of the Defendants has denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Action, and as such, neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with the Settlement Agreement shall be construed as an admission or concession of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind by any of the Defendants.

31.    All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the settlement set forth in the Settlement Agreement or comply with the terms thereof.  Pending final determination of whether the settlement set forth in the Settlement Agreement should be approved, each Plaintiff and each Class Member, either directly, representatively, or in any other capacity, shall be enjoined from prosecuting in any forum any

15

EXHIBIT A TO SETTLEMENT AGREEMENT

Released Claim against any of the Released Parties, and agrees and covenants not to sue any of the

Released Parties on the basis of any Released Claims or to assist any third party in commencing or

maintaining any suit against any Released Party related in any way to any Released Claims.

32.     All Settlement Class Members shall be bound by all determinations and judgments

in the Action concerning the settlement set forth in the Settlement Agreement, whether favorable

or unfavorable to the Settlement Class.

33.     Settlement Class Counsel shall file the opening papers in support of final approval

of the proposed Settlement, the Plan of Allocation, and the application for an award of attorneys'

fees, reimbursement of litigation expenses, and any service awards for Plaintiffs no later than

[[**number of days**]] days after the Notice Date; and reply papers, if any, shall be filed no later than

[[**number of days**]] days after the Notice Date.


IT IS SO ORDERED.

DATED: _____, 2021        _____

                                    HON. PAUL A. ENGELMAYER
                                    UNITED STATES DISTRICT JUDGE

EXHIBIT B TO SETTLEMENT AGREEMENT

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE ZINC ANTITRUST LITIGATION** | Case No. 14 Civ. 3728 (PAE) |

## [PROPOSED] FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE AS TO DEFENDANTS GLENCORE LTD. AND ACCESS WORLD (USA) LLC

WHEREAS, Oklahoma Steel and Wire Co., Inc. ("Oklahoma Steel"); Iowa Steel and Wire Co. ("Iowa Steel"); Southwestern Wire, Inc. ("Southwestern"); and Jasper Materials, Inc. ("Jasper") (collectively, "Plaintiffs") on behalf of themselves and the other Settlement Class Members, and defendants Glencore Ltd. ("Glencore") and Access World (USA) LLC (f/k/a Pacorini Metals USA, LLC) ("Access World") (the "Defendants," and together with Plaintiffs, the "Parties"), have determined to settle all claims asserted against Defendants and their predecessors, successors, assigns, subsidiaries, and affiliates in this Action[1] with prejudice on the terms and conditions set forth in the Settlement Agreement dated July 6, 2021 (the "Settlement Agreement"), subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

---

[1] As defined in the Settlement Agreement, the "Action" means *In re Zinc Antitrust Litigation*, 14 Civ. 3728, which is currently pending in the United States District Court for the Southern District of New York, and includes all actions filed in or transferred to the United States District Court for the Southern District of New York and consolidated thereunder and all actions that may be so transferred and consolidated in the future.

EXHIBIT B TO SETTLEMENT AGREEMENT

WHEREAS, by Order dated [[**date**]] (ECF No. [[●]]) (the "Preliminary Approval Order"), this Court: (i) preliminarily approved the Settlement; (ii) ordered that notice of the proposed Settlement be provided to the Settlement Class; (iii) provided Settlement Class Members with the opportunity to object to the proposed Settlement; (v) provided Settlement Class Members with the opportunity to exclude themselves from the Settlement Class; and (iv) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on [[**date**]] (the "Fairness Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice against Defendants; and

WHEREAS, the Court having considered all papers filed and proceedings held herein in connection with the Settlement, and all oral and written comments received regarding the Settlement and otherwise being fully informed in the premises and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    **Jurisdiction**.  This Court has jurisdiction over the subject matter of the Action and over all parties to the Settlement Agreement, including all Settlement Class Members.

2.    **CAFA Notice**.  The notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

3.    **Class Certification for Settlement Purposes**.  The requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, and based on the record before the Court,

EXHIBIT B TO SETTLEMENT AGREEMENT

the Court hereby finally certifies, for the purposes of settlement only, the following Settlement

Class:

> All persons and entities that purchased LME U.S. Zinc and paid the Platts Zinc MW SHG Premium or similar price premium in the United States from a primary zinc producer or a Defendant from September 14, 2010 to February 11, 2016.  Specifically excluded from the Settlement Class are Defendants and all other defendants named in the Corrected and Consolidated Amended Complaint, filed September 28, 2015 (ECF No. 138),[2] and their officers, directors, management, employees, subsidiaries, or affiliates and all federal governmental entities.

4.      The Court finds that the requirements of Rule 23 of the Federal Rules of Civil

Procedure are satisfied solely for settlement purposes, as follows:

a.      Pursuant to Rule 23(a)(l), the Court determines that the members of the

Settlement Class are so numerous that their joinder before the Court would be impracticable;

b.      Pursuant to Rule 23(a)(2), the Court determines that Plaintiffs have alleged

one or more questions of fact or law common to the Settlement Class;

c.      Pursuant to Rule 23(a)(3), the Court determines that Plaintiffs' claims are

typical of the claims of the Settlement Class;

d.      Pursuant to Rule 23(a)(4), the Court determines that Plaintiffs will fairly

and adequately protect the interests of the Settlement Class;

e.      Pursuant to Rule 23(b)(3), the Court determines that common questions of

law and fact predominate over questions affecting only individual members; and

---

[2]    Goldman Sachs International; GS Power Holdings LLC; MCEPF Metro I, Inc.; Mitsi Holdings LLC; Metro International Trade Services, LLC; JP Morgan Securities plc; JP Morgan Ventures Energy Corporation; and Henry Bath LLC.

EXHIBIT B TO SETTLEMENT AGREEMENT

    f.  Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and in light of the proposed settlement, a class action is superior to other available methods for the fair and efficient adjudication of this Action.

    5.  Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the following counsel are certified as Settlement Class Counsel for the Settlement Class:

| | |
|---|---|
| Joseph H. Meltzer | Christopher Lovell |
| Kessler Topaz Meltzer & Check, LLP | Lovell Stewart Halebian Jacobson LLP |
| 280 King of Prussia Road | 500 5th Avenue, Suite 2440 |
| Radnor, PA 19087 | New York, NY 10110 |
| www.ktmc.com | www.lshllp.com |
| | |
| Linda P. Nussbaum | Solomon B. Cera |
| Nussbaum Law Group, P.C. | Cera LLP |
| 1211 Avenue of the Americas, 40th Floor | 595 Market Street, Suite 1350 |
| New York, NY 10036 | San Francisco, CA 94105 |
| www.nussbaumpc.com | www.ceralllp.com |

    6.  Plaintiffs are certified as class representatives on behalf of the Settlement Class.

    7.  **Settlement Notice**.  The Court finds that the dissemination of the Notice and the publication of the Publication Notice: (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (a) the effect of the proposed Settlement (including the Releases to be provided thereunder); (b) Settlement Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (c) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Settlement Class Counsel's motion for attorneys' fees and reimbursement of litigation expenses; and (d) their right to appear at the Fairness Hearing; (iv) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice

EXHIBIT B TO SETTLEMENT AGREEMENT

of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of

Civil Procedure, the United States Constitution (including the Due Process Clause), and all other

applicable law and rules.

8.      **Final Settlement Approval and Dismissal of Claims.**  Pursuant to Rule 23(e) of

the Federal Rules of Civil Procedure, the Court hereby fully and finally approves the Settlement set

forth in the Settlement Agreement in all respects (including, without limitation, the amount of the

Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted

against Defendants in the Action), and finds that the Settlement is fair, reasonable, and adequate,

and is in compliance with all applicable requirements of the Federal Rules of Civil Procedure.  In

reaching this conclusion, the Court considered the factors set forth in *City of Detroit v. Grinnell

Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated

Res., Inc.*, 209 F.3d 43 (2d Cir. 2000) and Rule 23(e)(2) of the Federal Rules of Civil Procedure.

Moreover, the Court concludes that:

        a.      the settlement as set forth in the Settlement Agreement was fairly and

honestly negotiated by counsel with significant experience litigating antitrust class actions and is

the result of vigorous arm's-length negotiations undertaken in good faith;

        b.      the Action involves contested and serious questions of law and fact, such

that the value of an immediate monetary recovery outweighs the mere possibility of future relief

after protracted and expensive litigation;

        c.      success in antitrust cases such as this one is inherently uncertain, and there

is no guarantee that continued litigation would yield a superior result; and

EXHIBIT B TO SETTLEMENT AGREEMENT

d.      Settlement Class Counsel's judgment that the settlement as set forth in the

Settlement Agreement is fair and reasonable, and the Settlement Class Members' reaction to the

settlement is entitled to great weight.

9.      The distribution of the Notice and the publication of the Publication Notice as

provided for in the Preliminary Approval Order constitutes the best notice practicable under the

circumstances, including individual notice to all Settlement Class Members who could be

identified through reasonable effort, and constitutes valid, due, and sufficient process, complying

fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

10.     The Court hereby grants final approval of the Plan of Allocation on the basis that it

is fair, reasonable, and adequate.

11.     The Action and all claims contained therein, as well as all of the Released Claims,

against any of the Released Parties by the Plaintiffs, Settlement Class Members, and Releasing

Parties are hereby dismissed with prejudice.  The Parties are to bear their own costs, except as

otherwise provided in the Settlement Agreement.

12.     The Court's determination as to any fee and expense application and/or Plan of

Allocation shall in no way disturb or affect this Final Judgment and Order of Dismissal and shall

be considered separate from this Final Judgment and Order of Dismissal.

13.     **Binding Effect**.  The terms of the Settlement Agreement and of this Judgment shall

be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of

whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a

distribution from the Net Settlement Fund), as well as their respective heirs, executors,

administrators, predecessors, successors, and assigns in their capacities as such.  The persons listed

EXHIBIT B TO SETTLEMENT AGREEMENT

on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

14.     **Releases**.  Upon the Effective Date, each of the Releasing Parties: (a) shall be deemed to have, and by operation of this Final Judgment and Order of Dismissal, shall have fully, finally, and forever waived, released, relinquished, and discharged (i) all Released Claims against the Released Parties, regardless of whether such Releasing Party executes and delivers a proof of claim and release form, and (ii) any rights to the protections afforded under California Civil Code §1542 and/or any other similar, comparable, or equivalent laws; (b) shall forever be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties; and (c) agrees and covenants not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

15.     This Final Judgment and Order of Dismissal shall not affect, in any way, the right of Plaintiffs or Settlement Class Members to pursue claims, if any, outside the scope of the Released Claims.

16.     **No Admissions**.  Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement:

(a)  shall be offered against any of the Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been

7

EXHIBIT B TO SETTLEMENT AGREEMENT

asserted, in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or in any way referred to for any other reason as against any of the Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)   shall be offered against any of the Releasing Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Releasing Parties that any of their claims are without merit, that any of the Defendants had meritorious defenses, or that damages recoverable under the Plaintiffs' Third Amended Class Action Complaint and Jury Trial Demand would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Releasing Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; or

(c)   shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*Provided, however,* that the Parties and the Released Parties and their respective counsel may refer to this Judgment and the Settlement Agreement to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

17.   The Settlement Agreement may be filed in an action to enforce or interpret the terms of the Settlement Agreement, the settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein.  The Released

EXHIBIT B TO SETTLEMENT AGREEMENT

Parties may file the Settlement Agreement and/or this Final Judgment and Order of Dismissal in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18.     **Retention of Jurisdiction**.  Without affecting the finality of this Final Judgment and Order of Dismissal in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, expenses, and service awards to Plaintiffs in the Action; and (d) all Parties hereto for the purpose of construing, enforcing, and administering the terms of the Settlement Agreement.

19.     **Rule 11 Findings**.  The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20.     **Termination of Settlement**.  In the event that the settlement does not become effective in accordance with the terms of the Settlement Agreement or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants in accordance with the Settlement Agreement, then this Final Judgment and Order of Dismissal shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in

EXHIBIT B TO SETTLEMENT AGREEMENT

connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

21.     If the settlement set forth in the Settlement Agreement is terminated pursuant to the Settlement Agreement, then the Settlement Agreement (including any amendment(s) thereto) and this Final Judgment and Order of Dismissal shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or referred to in any actions or proceedings by any Person, and each Party shall be restored to his, her, or its respective position as it existed 90 days prior to the execution of the Settlement Agreement.

22.     Except as otherwise provided herein, in the event the Settlement Agreement is terminated, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Parties to the Settlement Agreement shall be deemed to have reverted to their respective status in the Action as of 90 days prior to the Execution Date, and, except as otherwise expressly provided herein, the Parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, and any portion of the Settlement Fund previously paid by or on behalf of Defendants, together with any interest earned thereon, less any Taxes due and notice costs actually incurred up to $100,000, if any, with respect to such income, shall be returned to Defendants within ten (10) business days from the date of the event causing such termination.  At the request of Defendants' Counsel, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and/or the Notice and Administration Fund and pay the proceeds to Defendants.

23.     **Modification of the Settlement Agreement**.  Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the

EXHIBIT B TO SETTLEMENT AGREEMENT

Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

24.    **Entry of Final Judgment**.  There is no just reason for delay in the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed pursuant to Federal Rule of Civil Procedure 54(b) to immediately enter this final judgment in this Action.

IT IS SO ORDERED.


DATED: _____, 2021             _____
                                        HON. PAUL A. ENGELMAYER
                                        UNITED STATES DISTRICT JUDGE