UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE ZINC ANTITRUST LITIGATION  This document relates to:  ALL ACTIONS | 14 Civ. 3728 (PAE)  ORDER |

PAUL A. ENGELMAYER, District Judge:

The Court has reviewed the submissions that have been filed in connection with plaintiffs' memorandum in support of their unopposed motions for, *inter alia*, preliminary approval of the parties' proposed class settlement. The submissions are, in general, detailed and helpful. However, on the Court's review, these submissions do not clearly explain aspects of the potential allocation of the $9.85M that defendants are to put into escrow for the benefit of the class.

The Court accordingly directs plaintiffs' counsel to file a supplemental declaration answering the following questions:

1. In the event that the sum total of the qualifying claims made by class members falls short of the $9.85M in cash which defendants have put in escrow (less the sums awarded for attorneys' fees, costs, and service award(s)), what will become of the excess? Will it be allocated to the class members who have submitted valid claims, such that those class members can potentially receive in excess of the face value of their claims? Will it go to a *cy pres* fund?

2. Assuming that all class members submit claim forms that are approved by the claims administrator, what total would these claims (discounting indirect purchasers' claims by 90% as proposed) add up to?  Assuming maximum participation, what percentage of each class member's claims would each class member stand to receive?

3. What are counsels' and the claims administrators' estimates of the likely share of the class that will submit valid claim forms and the likely aggregate total of the validly submitted claims?  What is the basis for these estimates?  The Court would welcome a detailed discussion of the factors bearing on the likelihood that a class member will submit a valid claim (*e.g.*, the size of the claim; the age of the claim; the complexity of the claim form; the need to present historical documentation in support of the claim) and how these factors apply here.   The Court assumes that counsel, in order to assure that the proposed settlement carried a concrete promise of recovery for members of the putative class, undertook an analysis of these factors in the course of the settlement process, and that this information is therefore readily available.

Plaintiffs' counsel's declaration is due one week from today, on Monday, August 16, 2021.  The declaration should state whether defense counsel agree with the answers set out in the declaration.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: August 9, 2021
       New York, New York