IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ZINC ANTITRUST LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | 14 Civ. 3728 (PAE)<br><br>ORDER |

**ORDER APPROVING DISTRIBUTION OF**
**NET SETTLEMENT FUND**

WHEREAS, by its Order Granting Plaintiffs' Motions for Final Approval of Settlement and Plan of Allocation and its Final Judgment Approving Class Action Settlement and Order of Dismissal with Prejudice as to Defendants Glencore Ltd. and Access World (USA) LLC dated February 16, 2022 (ECF Nos. 328 & 329), this Court approved the terms of the settlement set forth in the Settlement Agreement dated July 6, 2021 (ECF No. 300-1) ("Settlement Agreement" or "Settlement") and the proposed plan for allocating the net Settlement proceeds to eligible Settlement Class Members ("Plan of Allocation");

WHEREAS, this Court had directed the Parties to consummate the terms of the Settlement and Plan of Allocation;

WHEREAS, the Settlement provided for consideration of $9,850,000 in cash ("Settlement Amount") and, pursuant to the terms of the Settlement Agreement, the Settlement Amount was deposited into an escrow account established by Settlement Class Counsel for the benefit of the Settlement Class;

WHEREAS, as set forth in the mailed Notice of Proposed Class Action Settlement with Glencore Ltd. and Access World (USA) LLC (f/k/a Pacorini Metals USA, LLC) and Hearing on Settlement Approval (ECF No. 315-1, Ex. A) ("Notice"), the deadline for Settlement Class Members to submit Claims to the Court-authorized claims administrator for the Settlement,

1

Angeion Group, LLC ("Angeion"), in order to be potentially eligible to participate in the distribution of the Net Settlement Fund has passed;

WHEREAS, in satisfaction of due process requirements, all Settlement Class Members who submitted Claims that were in any way deficient were: (i) informed that their Claims were deficient; and (ii) given opportunities to correct any curable deficiencies prior to their Claims being finally denied, or to contest the determination as to such deficiencies;

WHEREAS, the process of reviewing Claims has been completed;

WHEREAS, Plaintiffs, through Settlement Class Counsel, now seek authorization to distribute the proceeds of the Settlement Fund to eligible Settlement Class Members, after deduction of any taxes, fees, and expenses previously approved by the Court or approved by this Order ("Net Settlement Fund"); and

WHEREAS, this Court retained jurisdiction over the implementation of the Settlement and all Parties hereto for the purpose of construing, enforcing, and administering the terms of the Settlement Agreement (ECF No. 329, ¶ 18).

NOW, THEREFORE, upon careful consideration of: (i) the Declaration of Kevin K. Flynn in Support of Plaintiffs' Motion for Approval of Distribution of Net Settlement Fund submitted on behalf of Angeion ("Flynn Declaration"); (ii) the Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Approval of Distribution of Net Settlement Fund; and (iii) the other submissions and papers on file with the Court; and upon all prior proceedings heretofore and herein, and after due deliberation, it is hereby:

ORDERED, that all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Settlement Agreement and the Flynn Declaration; and it is further

ORDERED, that the administrative determinations of Angeion approving the Claims described in the Flynn Declaration and listed on Exhibit B thereto, calculated pursuant to the Court-approved Plan of Allocation set forth in the Notice, are hereby approved, and said Claims are hereby approved; and it is further

ORDERED, that the administrative determinations of Angeion denying the Claims described in the Flynn Declaration and listed on Exhibit C thereto are hereby denied, and said Claims are hereby denied; and it is further

ORDERED, that Angeion be paid the sum of $24,259.90 from the Net Settlement Fund as payment for its estimated fees and expenses to be incurred in connection with distributing the Net Settlement Fund to Claimants, filing the necessary tax returns, responding to Claimant inquiries regarding their distribution amounts and closing the administration of this Settlement; and it is further

ORDERED, that Angeion conduct the initial distribution of the Net Settlement Fund as set forth in the Flynn Declaration; and it is further

ORDERED, that the Net Settlement Fund shall be distributed to the Claimants listed on Exhibit B to the Flynn Declaration pursuant to the Court-approved Plan of Allocation in proportion to each Claimant's claimed purchases as compared to the total claimed purchases of all approved Claims as shown on such Exhibit; and it is further

ORDERED, that all distribution checks shall bear the notation "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]." Settlement Class Counsel and Angeion are authorized to take appropriate actions to locate and/or contact any Claimant who has not cashed his, her, or its check within said time; and it is further

ORDERED, that Claimants who do not cash their checks within the time allotted will irrevocably forfeit all recovery from the Settlement; and it is further

ORDERED, that, after making reasonable and diligent efforts to have eligible Claimants negotiate their initial distribution checks, Angeion will, if cost-effective to do so, re-distribute any funds remaining in the Net Settlement Fund by reason of void stale-dated checks or otherwise to Claimants who have cashed their initial distribution checks based on their *pro rata* share of the remaining funds, after deducting Angeion's unpaid fees and expenses incurred in connection with administering the Settlement, including Angeion's estimated costs for the re-distribution, and after deducting any estimated taxes; and it is further

ORDERED, that Angeion may make additional distributions of balances remaining in the Net Settlement Fund to eligible Claimants who have cashed their prior checks if Settlement Class Counsel, in consultation with Angeion, determine that further re-distributions, after deducting any fees and expenses as described above, would be cost-effective; and it is further

ORDERED, that, at such time as Settlement Class Counsel, in consultation with Angeion, determine that further re-distribution of the funds remaining in the Net Settlement Fund is not cost-effective, Plaintiffs will move the Court for approval to contribute any remaining funds to an appropriate *cy pres* recipient; and it is further

ORDERED, that the Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Settlement Agreement and the Plan of Allocation and that all persons and entities involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in connection with the Settlement of the Action, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all

claims arising out of such involvement, and, pursuant to the release terms of the Settlement, all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund or the parties released pursuant to the Settlement beyond the amount allocated to them pursuant to this Order; and it is further

ORDERED, that Angeion is hereby authorized to destroy paper copies of Claims and all supporting documentation one year after the initial distribution of the Net Settlement Fund and all electronic copies of the same one year after all funds have been distributed; and it is further

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with the Action.

SO ORDERED.

Dated: September 27, 2023
New York, New York

PAUL A. ENGELMAYER
United States District Judge